IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GORDON DEYOUNG,

        Plaintiff,

      v.

STATE OF OREGON; OREGON DEPARTMENT
OF CORRECTIONS; WARREN ROBERTS;
JOSEPH BUGHER; MICHAEL SEALE; HEIDI
STEWARD; ASHLEY CLEMENTS; JUDY
BRADFORD; NATE EICHHORTS; FIRST NAME
UNKNOWN FRANK; KELCIE MAIN; JOSHUA
YBARRA; GARTH GULICK; R. KELLER;
BRYON HEMPHILL; JOE WOODLAND; AMBER
SUNDQUIST; and GARY NINMAN,

        Defendants.

Case No. 3:25-cv-00878-AB

OPINION & ORDER

1 – OPINION & ORDER

Katharine Edwards
Abby Greenfield
Law Office of Katharine Edwards
P.O. Box 417
Hillsboro, OR 97123

      Attorneys for Plaintiff

Gregor Hensrude
Klinedinst PC
1325 Fourth Avenue Suite 1335
Seattle, WA 98101

      Attorney for Defendant Nate Eichhorts

**BAGGIO, District Judge:**

Plaintiff Gordon DeYoung brings this case against Defendant Nate Eichhorts,[1] among other Defendants. Against Defendant Eichhorst, Plaintiff alleges Eighth Amendment deliberate indifference to Plaintiff's serious medical needs under 42 U.S.C. § 1983. Compl. ¶¶ 150–65, ECF No. 1; *see also* Pl.'s Resp. 2. Defendant Eichhorst moves to dismiss Plaintiff's claim against him under Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. 2. For the following reasons, the Court grants Defendant Eichhorst's Motion.

## BACKGROUND[2]

From May 2020 to September 2020, Plaintiff worked as a "body spill orderly" at Snake River Correctional Institution doing "'covid decontamination work' . . . ." Compl. ¶¶ 50, 77. As part of that position, Plaintiff was exposed to various cleaning solutions, including a multi-

---

[1] Defendant Eichhorts asserts that his name is spelled "Eichhorst, rather than 'Eichhorts.'" Def.'s Mot. Dismiss ("Def.'s Mot.") 2 n.1, ECF No. 25. Plaintiff in response does not dispute. *See* Pl.'s Resp. Def.'s Mot. ("Pl.'s Resp.") 1, ECF No. 30. Accordingly, the Court will use the spelling "Eichhorst" for the remainder of this Opinion & Order, and the docket will be corrected accordingly.

[2] Because the pending Motion concerns Defendant Eichhorst's alleged conduct, the Court only recites facts relevant to Defendant Eichhorst.

2 – OPINION & ORDER

purpose disinfectant called Waxie 710. *Id.* ¶ 33. "Plaintiff sprayed [Waxie] 710 for hours making it impossible not to get soaked in the [solution]." *Id.* ¶ 77 (internal quotation marks omitted). Plaintiff, however, was not provided with proper personal protective equipment to protect his eyes from the disinfectant. *Id.* ¶ 33. As a result, since January 2021, Plaintiff has experienced persistent dry eyes and pain as well as eye function deterioration. *Id.* ¶¶ 2, 59. Plaintiff alleges that Defendants have inadequately treated and insufficiently addressed his eye issues, causing them to "worsen significantly and potentially irreversibly." *Id.* ¶ 2.

Plaintiff allegedly first wrote to prison officials regarding his eye issues in October 2021. *Id.* ¶ 40. Since then, Plaintiff has continuously reached out to prison officials seeking to remediate his eye issues. For example, Plaintiff has communicated to prison officials that his various treatments have been ineffective at resolving his eye issues, including prescription eye drops, baby shampoo, ointments, and fish oil supplements, *see id.* ¶¶ 49–50, 52, 54, 57, 59–60, 65, 70, 73, 83; that his eye issues likely stem from exposure to Waxie 710, *see id.* ¶¶ 50, 57, 67, 77, 101; and requesting appointments with optometrists, ophthalmologists, and eye doctors, *see id.* ¶¶ 50, 52, 60, 64, 82, 101. Plaintiff has described his eye pain to prison officials as "swimming in a chlorinated pool all day[,]" an inability to produce tears, "miserable, burnt, itch hurt blurry[,]" causing "painful blurry issues and headaches[,]" a "constant burning sensation and headaches[,]" and "as feeling 'raw.'" *Id.* ¶ 47, 52, 58, 70, 73, 87.

With respect to Defendant Eichhorst—who, at all relevant times, was an optometrist at Snake River Correctional Institution—Plaintiff alleges that Defendant Eichhorst first communicated with Plaintiff about his eyes issues in November 2022. *Id.* ¶¶ 21, 66. Specifically, Defendant Eichhorst wrote to Plaintiff "explaining that optometrists can diagnose diseases and recommend[ing that] Plaintiff finish a six-week course of fish oil supplements." *Id.* ¶ 66. Days

later, Plaintiff submitted a kyte[3] to Defendant Eichhorst. *Id.* ¶ 67. In that kyte, Plaintiff listed the various ingredients of Waxie 710 that could contribute to Plaintiff's eye issues; Plaintiff also referenced a previous appointment between Plaintiff and Defendant Eichhorst. *Id.* Plaintiff explained that at the prior appointment, Defendant Eichhorst did not even glance at the ingredients of Waxie 710. *Id.* In response to Plaintiff's kyte, Defendant Eichhorst wrote that he has "nothing more to add." *Id.*

In February 2023, Plaintiff submitted another kyte to Defendant Eichhorst. *Id.* ¶ 73. Plaintiff stated that the fish oil supplements were not helping his dry eyes despite using them as instructed. *Id.* Plaintiff "emphasized that the constant burning sensation and headaches made it difficult to do his call center job." *Id.* A response was provided to Plaintiff stating that Plaintiff's eye pain is the result of "chronic dry eye that is managed and not 'cured' [and that c]omputer eye strain is a separate etiology." *Id.* The signature on the response was illegible. *Id.*

In March 2023, Plaintiff "grieved" Defendant Eichhorst and the Optometry Department stating "I've exhausted my options with" Defendant Eichhorst; Plaintiff also requested an appointment with an outside ophthalmologist. *Id.* ¶ 82.

In April 2023, Plaintiff submitted another kyte "explaining that his eye pain, blurred vision, and headaches remained unchanged since following the recommendations of Defendant Eichhorst of fish oil supplements and Refresh Celluvisc drops." *Id.* ¶ 83. A response was provided to Plaintiff later that day, though the signature on the response was illegible. *Id.*

Also in April 2023, Plaintiff submitted a kyte expressing concern over the sudden cancellation of Plaintiff's Refresh eye drops. *Id.* ¶ 85. Plaintiff was worried that his

---

[3] A "kyte" refers to a communication as defined by Oregon Administrative Rule 291-109-0110(5). *See* Pl.'s Resp. 2 n.1; Def.'s Mot. 3 n.5.

4 – OPINION & ORDER

disagreements with Defendant Eichhorst resulted in him losing access to the eye drops. *Id.* The response informed Plaintiff of an upcoming appointment with optical, though the signature on the response was illegible. *Id.*

In April 2024, Plaintiff submitted a kyte to Defendant Eichhorst inquiring as to whether Waxie 710 could be the cause of his eye issues. *Id.* ¶ 101. Plaintiff also requested an outside appointment with an ophthalmologist. *Id.* A staff member identified as James Bradt responded to Plaintiff stating that "dry eye can have many causes I would like to bring you in for an ocular health check in the next couple months to discuss this as well as referrals with you further." *Id.*

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a

5 – OPINION & ORDER

formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Defendant Eichhorst moves to dismiss Plaintiff's Eighth Amendment deliberate indifference claim against him for failure to state a claim. Def.'s Mot. 2. Defendant Eichhorst argues that Plaintiff's claim, among other things, is time-barred. *Id.* at 2–3. The Court agrees with Defendant Eichhorst and finds that Plaintiff's claim is time-barred. Accordingly, the Court dismisses Plaintiff's claim against Defendant Eichhorst with leave to amend.[4]

On a Rule 12(b)(6) motion, a claim may be dismissed "on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

Here, the applicable statute of limitations is two years. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citing Or. Rev. Stat. § 12.110(1)). Defendant Eichhorst thus argues that because the events giving rise to Plaintiff's claim against him arose before May 22, 2023,[5] Plaintiff's claim is untimely. Def.'s Mot. 16; Def.'s Reply 8. Plaintiff responds that claim accrual is inappropriate to resolve on a motion to dismiss; Plaintiff's claim is a continuing violation; and

---

[4] Finding Plaintiff's claim against Defendant Eichhorst is time-barred, the Court does not address Defendant Eichhorst's other arguments, i.e., whether Plaintiff plausibly alleges an Eighth Amendment violation or whether Defendant Eichhorst is entitled to qualified immunity. *See* Def.'s Mot. 2.

[5] Plaintiff filed this Complaint on May 22, 2025. *See* Compl.

6 – OPINION & ORDER

Plaintiff's claim was tolled because of his grievances. Pl.'s Resp. 14–15. The Court addresses each argument in turn.

## I.    Accrual

"The accrual date of a § 1983 claim is a matter of federal law, 'governed by federal rules conforming in general to common-law tort principles.'" *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Under federal law, a claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Id.* at 885. "The plaintiff must be diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (explaining that the critical facts are the injury itself and who inflicted the injury). For § 1983 inadequate medical care claims, a prisoner's claim accrues once the prisoner knows of or has reason to know of the prison official's deliberate indifference to his serious medical needs. *See TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999).

Here, Plaintiff's alleged injury caused by Defendant Eichhorst centers around Defendant Eichhorst's failure to address Plaintiff's eye issues in a timely manner, which includes Defendant Eichhorst's refusal to identify any correlation between Waxie 710 and Plaintiff's eye issues and Defendant Eichhorst's failure to prescribe effective medications. Compl. ¶¶ 153, 157–58. Plaintiff's Complaint suggests that Plaintiff knew of these injuries and Defendant Eichhorst's alleged culpability as early as November 2022. *See id.* ¶ 67 (alleging that Defendant Eichhorst ignored Plaintiff's requests to consider whether Waxie 710 may have caused Plaintiff's eye issues). Plaintiff's Complaint more concretely suggests that Plaintiff knew of these critical facts by March or April 2023. *See id.* ¶¶ 82–83, 85. For example, in March 2023, Plaintiff "grieved" Defendant Eichhorst and the Optometry Department stating that he had exhausted his options

7 – OPINION & ORDER

with Defendant Eichhorst and requesting an appointment with an outside ophthalmologist. *Id.* ¶ 82. And in April 2023, Plaintiff submitted a kyte stating that his eye issues continued despite Defendant Eichhorst's recommendations of fish oil supplements and Refresh eye drops. *Id.* ¶ 83. Again in April 2023, Plaintiff submitted a kyte expressing concern that his disagreements with Defendant Eichhorst may have led to the sudden cancellation of his Refresh eye drops. *Id.* ¶ 85. Plaintiff's only allegation regarding Defendant Eichhorst after April 2023 is when Plaintiff submitted a kyte to Defendant Eichhorst in April 2024 inquiring as to whether Waxie 710 could be the cause of his eye issues and requesting an outside appointment with an ophthalmologist. *Id.* ¶ 101.

Based on these allegations, the Court finds that Plaintiff knew of or had reason to know of Defendant Eichhorst's alleged deliberate indifference to Plaintiff's serious medical needs by April 19, 2023, at the latest. *See id.* ¶ 85. Indeed, by that date, Plaintiff had already submitted multiple kytes and a grievance regarding Defendant Eichhorst's treatment of Plaintiff's eye issues. *See id.* ¶¶ 67, 73, 82–83, 85. Accordingly, Plaintiff's claim against Defendant Eichhorst is time-barred because it was filed more than two years after the accrual date.

## II.    Continuing Violation

"The continuing violations doctrine functions as an exception to the discovery rule of accrual 'allowing a plaintiff to seek relief for events outside of the limitations period.'" *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). Previously, the continuing violations doctrine applied to "a series of related acts, one or more of which falls within the limitations period," or to "the maintenance of a discriminatory system both before and during the limitations period." *Id.* (citation modified) (quoting *Gutowsky v. Cnty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)). Now, however, the

8 – OPINION & ORDER

continuing violations doctrine applies only "for hostile work environment claims . . . ." *Id.* at 748. Here, because Plaintiff does not bring a hostile work environment claim, Plaintiff's continuing violation argument is inapplicable and Plaintiff's claim against Defendant Eichhorst remains time-barred.

### III.    Grievance

In the Ninth Circuit, "a prisoner may *not* proceed to federal court while exhausting administrative remedies . . . ." *Brown v. Valoff*, 422 F.3d 926, 942 (9th Cir. 2005). Thus, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Id.* at 943. This includes the grievance process. *See, e.g.*, *Pinner v. Peters*, No. 3:24-cv-01148-AN, 2026 WL 622380, at *3 (D. Or. Mar. 4, 2026).

Here, Plaintiff argues that his claim against Defendant Eichhorst is tolled due to "the mandatory grievance exhaustion process." Pl.'s Resp. 15. However, in briefing, Plaintiff does not identify which grievances tolled his claim. In addition, it is unclear from Plaintiff's Complaint to which grievances Plaintiff refers. For example, on or about March 9, 2023, Plaintiff grieved Defendant Eichhorst and the Optometry Department about his eye issues. Compl. ¶ 82. However, it is unclear from the Complaint when that grievance was processed or whether it was appealed. Similarly, on April 22, 2023, Plaintiff submitted a grievance regarding his "Refresh Celluvisc lubricant eye gel[] prescription . . . ." *Id.* ¶ 86. But again, it is unclear from the Complaint when that grievance was processed or whether it was appealed.

Because it is unclear from the Complaint whether Plaintiff's grievances tolled the statute of limitations on his claim against Defendant Eichhorst—which accrued no later than April 19, 2023, *see* Discussion *supra*, Section I—the Court finds that Plaintiff's claim remains time-barred.

\*\*\*

For these reasons, the Court finds that the running of the statute of limitations on Plaintiff's claim against Defendant Eichhorst is apparent from the face of the Complaint. *See Von Saher*, 592 F.3d at 969. Accordingly, the Court dismisses Plaintiff's claim as time-barred. The Court, however, declines to dismiss Plaintiff's claim with prejudice because the Court finds that it is not clear it "could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### CONCLUSION

The Court GRANTS Defendant Nate Eichhorst's Motion to Dismiss for Failure to State a Claim [25]. Accordingly, Plaintiff's § 1983 claim against Defendant Eichhorst is dismissed with leave to amend. Plaintiff may file an Amended Complaint attempting to cure the deficiencies identified herein within fourteen (14) days of this Opinion & Order.

IT IS SO ORDERED.

DATED this 8th day of April, 2026.

_____
AMY M. BAGGIO
United States District Judge

10 – OPINION & ORDER