IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GORDON DEYOUNG,

Plaintiff,

v.

STATE OF OREGON; OREGON DEPARTMENT OF CORRECTIONS; WARREN ROBERTS; JOSEPH BUGHER; MICHAEL SEALE; HEIDI STEWARD; ASHLEY CLEMENTS; JUDY BRADFORD; NATE EICHHORST; FIRST NAME UNKNOWN FRANK; KELCIE MAIN; JOSHUA YBARRA; GARTH GULICK; R. KELLER; BRYON HEMPHILL; JOE WOODLAND; AMBER SUNDQUIST; and GARY NINMAN,

Defendants.

Case No. 3:25-cv-00878-AB

OPINION & ORDER

Katharine Edwards
Abby Greenfield
Law Office of Katharine Edwards
P.O. Box 417
Hillsboro, OR 97123

Attorneys for Plaintiff

Gregor Hensrude
Klinedinst PC
1325 Fourth Avenue Suite 1335
Seattle, WA 98101

Attorney for Defendant Nate Eichhorst

**BAGGIO, District Judge:**

Plaintiff Gordon DeYoung brings this case against Defendant Nate Eichhorst, among other defendants. Against Defendant Eichhorst, Plaintiff alleges an Eighth Amendment claim for inadequate medical care under 42 U.S.C. § 1983. First Am. Compl. ("FAC") ¶¶ 154–69, ECF No. 41. Defendant Eichhorst moves to dismiss Plaintiff's claim against him under Federal Rule of Civil Procedure 12(b)(6). Def. Eichhorst's Mot. Dismiss ("Eichhorst MTD") 1, ECF No. 45. For the following reasons, the Court denies Defendant Eichhorst's Motion.

## BACKGROUND[1]

Plaintiff has been in the custody of the Oregon Department of Corrections (ODOC) since 2012. FAC ¶ 34. Plaintiff is currently in ODOC custody at Deer Ridge Correctional Institution (DRCI). FAC ¶ 5. At all relevant times, Plaintiff was in ODOC custody at Snake River Correctional Institution (SRCI) or DRCI. FAC ¶ 13. Defendant Eichhorst "was at all relevant times an optometrist at SRCI." FAC ¶ 21. Defendant Eichhorst "was responsible for facilitating follow-up care, evaluation, and treatment for patients at SRCI, including coordinating and communicating with other medical providers." FAC ¶ 129.

In May 2020, "Plaintiff was assigned to work as a body spill orderly." FAC ¶ 33. Plaintiff alleges, however, that he was not provided adequate "personal protective equipment . . . to

[1] Because the pending Motion concerns Defendant Eichhorst's alleged conduct, the Court only recites facts relevant to Defendant Eichhorst.

protect his eyes from the strong cleaning solutions used, including Waxie 710 multi-purpose disinfectant cleaner." *Id.* Since May 2020, Plaintiff has "suffer[ed] daily from dry and painful eyes and has not found relief." *Id.*; *see also* FAC ¶ 47 (describing the pain as "swimming in a chlorinated pool all day").

"On or about November 27, 2022, Defendant Eichhorst wrote a letter to Plaintiff explaining that optometrists can diagnose diseases and recommended Plaintiff finish a six-week course of fish oil supplements." FAC ¶ 66. Three days later, Plaintiff submitted a kyte to Defendant Eichhorst in which Plaintiff listed ingredients from Waxie 710 that Plaintiff believed could be contributing to his eye pain. FAC ¶ 67. Plaintiff also referenced a previous appointment with Defendant Eichhorst in which Defendant Eichhorst "didn't even glance at" the Waxie 710 ingredients. *Id.* Plaintiff "expressed very little confidence" in Defendant Eichhorst's "diagnosis and treatment options." *Id.* (internal quotation marks omitted). On December 2, 2022, Defendant Eichhorst responded to Plaintiff's kyte: "At this time I have nothing more to add." *Id.*

On or about February 20, 2023, Plaintiff submitted another kyte to Defendant Eichhorst stating that the fish oil supplements "had not helped his dry eyes even with twice daily use as instructed." FAC ¶ 73. Plaintiff also "emphasized that the constant burning sensation and headaches made it difficult to do his call center job." *Id.* Three days later, Defendant Eichhorst responded: "you have chronic dry eye that is managed and not 'cured.' Mild discomfort is part of the presentation. Computer eye strain is a separate etiology. This is not problematic enough to warrant an outside referral." *Id.*

"On or about March 9, 2023, Plaintiff grieved Defendant Eichhorst and the Optometry Department at SRCI stating, 'I've exhausted my options with OD Eichhorst' and requested an 'unbiased appointment with an outside ophthalmologist.'" FAC ¶ 82. Plaintiff's grievance was

received on March 23, 2023, and returned for correction. *Id.* On information and belief, Plaintiff alleges he "corrected and resubmitted" his grievance, and the grievance process was not completed until sometime after May 22, 2023. *Id.* (citing Or. Admin. R. ("OAR") 291-109-0205).

On or about April 14, 2023, Plaintiff submitted a kyte to an employee at SRCI "explaining that his eye pain, blurred vision, and headaches remained unchanged since following the recommendations of Defendant Eichhorst of fish oil supplements and Refresh Celluvisc drops." FAC ¶ 83. On or about April 19, 2023, Plaintiff submitted a second kyte to the same SRCI employee expressing concern over the "sudden cancellation of his Refresh eye drops." FAC ¶ 85 (citation modified). Plaintiff was worried that "his disagreements with Defendant Eichorst's [sic] treatment plans resulted in losing access to the eye drops." *Id.* On April 21, 2023, Plaintiff submitted a third kyte to the same SRCI employee "requesting medication and treatment for his eyes." FAC ¶ 86. Defendant Eichhorst responded to Plaintiff's third kyte on April 25, 2023: "you will be scheduled for a follow up." *Id.*

On August 3, 2023, Plaintiff submitted a kyte to Defendant Eichhorst "stating that after following Defendant Eichhorst's recommended treatment plan for two months, he continues to suffer from daily pain and discomfort." FAC ¶ 95. Defendant Eichhorst responded on August 28, 2023: "schedule F/U Dr. Eichhorst within 3 weeks." *Id.*

On April 29, 2024, Plaintiff submitted a kyte to Defendant Eichhorst "once again inquiring as to whether the Waxie 710 cleaning solution could be the cause of his eye condition." FAC ¶ 104. Plaintiff also "requested an outside appointment with an ophthalmologist." *Id.*

///

///

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all material facts alleged in the complaint and construe them in the light most favorable to the nonmoving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Plaintiff alleges that he "was denied timely, adequate, and proper medical care" in violation of the Eighth Amendment when Defendant Eichhorst (1) "failed to address his eye pain in a timely manner," (2) "failed to respond to his health concerns that were consistently communicated to the appropriate staff and through the appropriate channels," (3) "refused to identify any correlation between Plaintiff being forced to use harsh chemical cleaning products without proper [personal protective equipment] and Plaintiff's subsequent chronic eye pain and

dryness," (4) "prescribed medications proven to be ineffective for managing Plaintiff's eye pain," (5) "refused to refer Plaintiff to an ophthalmologist," and (6) "failed to properly address Plaintiff's grievances and appeals." FAC ¶¶ 157–58, 161–64. Defendant Eichhorst moves to dismiss Plaintiff's Eighth Amendment claim, arguing it is untimely, fails to state an Eighth Amendment violation, and is barred by qualified immunity. *See* Eichhorst MTD 2. The Court declines to dismiss Plaintiff's claim for any of these reasons.

## I. Statute of Limitations

Defendant first argues that Plaintiff's claim is barred by the two-year statute of limitations for § 1983 claims. *See* Eichhorst MTD 6–8; Eichhorst Reply 2–4, ECF No. 52; *see also Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam) ("Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983."). The Court disagrees.

"[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). For claims of Eighth Amendment deliberate indifference, a claim accrues when the plaintiff knows or has reason to know of the defendant's deliberate indifference to their serious medical needs. *See id.* at 992. In this Court's previous Opinion and Order, the Court found that Plaintiff's Complaint plausibly suggested that Plaintiff knew or had reason to know of Defendant Eichhorst's deliberate indifference by April 19, 2023, at the latest. *See* Op. & Order 8 (citing Compl. ¶ 85, ECF No. 1), ECF No. 35. Plaintiff's First Amended Complaint plausibly suggests the same accrual date. *See* FAC ¶ 85 (alleging that on or

about April 19, 2023, Plaintiff submitted a kyte expressing concern that his disagreements with Defendant Eichhorst's treatment plans caused Plaintiff to lose access to his Refresh eye drops). Indeed, by April 19, 2023, Plaintiff had already submitted multiple kytes and grieved Defendant Eichhorst regarding Defendant Eichhorst's inadequate treatment of Plaintiff's eyes. *See, e.g.*, FAC ¶¶ 67, 73, 82–83, 85.[2]

Finding that Plaintiff's Eighth Amendment § 1983 claim against Defendant Eichhorst accrued no later than April 19, 2023, Plaintiff had until April 19, 2025, to file suit on it. *See* Or. Rev. Stat. § ("ORS") 12.110(1) ("An action . . . for any injury to the person or rights of another . . . shall be commenced within two years . . . ."). But Plaintiff filed his Complaint on May 22, 2025. *See generally* Compl. Thus, unless Plaintiff's claim was tolled, it is time-barred. Plaintiff argues his claim was tolled pending the resolution of his March 9, 2023 grievance. *See* Pl.'s Resp. Eichhorst MTD ("Pl.'s Resp.") 7–8 (citing FAC ¶ 82), ECF No. 49. The Court agrees.

"Federal courts in § 1983 actions . . . borrow the state's tolling rules." *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018). And under Oregon law, the statute of limitations is tolled "when another statute—state or federal—prevents a plaintiff from bringing suit." *Edwards v. Brown*, No. 25-6849, 2026 WL 2903706, at *6 (9th Cir. Sept. 28, 2026) (citing ORS 12.210). Thus, in *Edwards*, the Ninth Circuit held that, "under Oregon's tolling statute, the time an inmate spends exhausting available administrative remedies does not run against the statute of limitations on their federal § 1983 claim." *Id.*; *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner

---

[2] The Court notes that Plaintiff may have known or had reason to know of Defendant Eichhorst's deliberate indifference by March 9, 2023, the date when Plaintiff first grieved Defendant Eichhorst. *See* FAC ¶ 82. Regardless, as discussed below, Plaintiff's claim was tolled.

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.”). The Ninth Circuit also noted that an inmate initiates exhaustion when they submit their grievance—not when it is stamped as received—and that multiple grievances may “be viewed as part of the same exhaustion process.” *Edwards*, 2026 WL 2903706, at *7–8.

Here, then, Plaintiff’s claim against Defendant Eichhorst was immediately tolled on March 9, 2023, when Plaintiff grieved Defendant Eichhorst. FAC ¶ 82. Tolling continued until Plaintiff finished exhausting his administrative remedies, which, according to Plaintiff and based on Oregon’s grievance timeline, was sometime after May 22, 2023. *Id.* (citing OAR 291-109-0205). Drawing all reasonable inferences in favor of Plaintiff, the Court agrees that Plaintiff alleges his claim was tolled. The Court cannot find “beyond doubt” that Plaintiff cannot prove a “set of facts that would establish the timeliness of [his] claim.”[3] *Supermail Cargo*, 68 F.3d at 1207; *see also id.* at 1206 (“A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.” (internal quotation marks

[3] For example, assume Plaintiff’s claim accrued either on March 9, 2023, or April 19, 2023. In either scenario, Plaintiff’s claim would immediately be tolled because Plaintiff submitted his grievance on March 9, 2023. FAC ¶ 82. Plaintiff’s claim would then remain tolled through the date it was received by the grievance office and through the date on which Plaintiff resubmitted it, which, here, was likely March 23, 2023. *See id.*; *see also Edwards*, 2026 WL 2903706, at *7–8. At that point, prison officials would have thirty-five days to respond; Plaintiff would have fourteen days to file an initial grievance appeal; prison officials would have another thirty-five days to respond; Plaintiff would have another fourteen days to file a final grievance appeal; and prison officials would have a final thirty-five days to respond. *See* OAR 291-109-0205(2)–(6). Thus, no matter when Plaintiff’s claim accrued, there is a set of facts that Plaintiff could prove that would toll his claim through August 3, 2023. Because this date is within two years of filing, Plaintiff’s claim would be sufficiently tolled.

omitted)). Accordingly, the Court declines to dismiss Plaintiff's claim against Defendant Eichhorst as barred by the statute of limitations.

## II. Eighth Amendment

Defendant Eichhorst next argues that Plaintiff's allegations fail to state an Eighth Amendment violation. *See* Eichhorst MTD 8–9; Eichhorst Reply 4–5. The Court disagrees.

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). "[T]o prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Id.* (quoting *Estelle*, 429 U.S. at 104). This includes an objective component—a serious medical need—and a subjective component—deliberate indifference. *Id.* Under the subjective component, "[a] prison official is deliberately indifferent . . . if he 'knows of and disregards an excessive risk to inmate health.'" *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The prison official must be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and the prison official must draw that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to" satisfy the subjective component. *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022). Rather, the prison official must act with "'subjective recklessness,' analogous to how that phrase is used in criminal law." *Id.* (quoting *Farmer*, 511 U.S. at 829).

Defendant Eichhorst argues that Plaintiff does not allege the subjective component of his Eighth Amendment claim.[4] *See* Eichhorst MTD 9 ("[Plaintiff] does not show [Defendant] Eichhorst either knew of an excessive risk to [Plaintiff], nor that he consciously and deliberately disregarded it."). Plaintiff responds that "Defendant Eichhorst knew of and disregarded an excessive risk to Plaintiff's health by denying specialist referrals, failing to implement appropriate diagnostic workups, and inadequately managing pain and ongoing symptoms despite knowledge that conservative care was ineffective." Pl.'s Resp. 10. The Court finds Plaintiff plausibly alleges the subjective component of his Eighth Amendment claim.

Here, Defendant Eichhorst was aware of Plaintiff's eye pain as early as November 2022. *See* FAC ¶ 66. Defendant Eichhorst was also aware that Plaintiff believed his eye pain may have been caused by ingredients in Waxie 710. *See* FAC ¶ 67. Plaintiff alleges, however, that Defendant Eichhorst "didn't even glance" at the ingredients in an appointment with Plaintiff and that Defendant Eichhorst responded to Plaintiff's kyte listing the ingredients that he had "nothing more to add." *Id.*

In February 2023, Defendant Eichhorst was informed by Plaintiff that the fish oil supplements he recommended Plaintiff use, *see* FAC ¶ 66, were not helping Plaintiff's dry eyes despite Plaintiff using them as instructed, FAC ¶ 73. Plaintiff "emphasized that the constant burning sensation and headaches made it difficult to do his call center job." *Id.* Defendant

---

[4] The Court acknowledges that Defendant Eichhorst also asserts that Plaintiff does not allege a serious medical need. *See* Eichhorst MTD 10 ("[Plaintiff's] Eighth Amendment claims must fail because they failed to establish the two-part test required to show they have both *a serious medical need* and that [Defendant] Eichhorst was deliberately indifferent to that need." (emphasis added)). But Defendant Eichhorst fails to explain how Plaintiff's allegations are insufficient. Accordingly, the Court declines to consider the issue. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Eichhorst responded to Plaintiff's concerns: "you have chronic dry eye that is managed and not 'cured.' Mild discomfort is part of the presentation. Computer eye strain is a separate etiology. This is not problematic enough to warrant an outside referral." *Id.*

In March 2023, Plaintiff grieved Defendant Eichhorst, stating that he had "exhausted [all his] options" with Defendant Eichhorst. FAC ¶ 82. Plaintiff also "requested an unbiased appointment with an outside ophthalmologist." *Id.* (internal quotation marks omitted).

In April 2023, Plaintiff submitted three kytes regarding his eye pain. The first explained that he continued to experience "eye pain, blurred vision, and headaches" despite following Defendant Eichhorst's recommended treatment of fish oil supplements and Refresh Celluvisc drops. FAC ¶ 83. The second expressed concern that his disagreements with Defendant Eichhorst regarding his treatment caused him to lose access to the Refresh eye drops. FAC ¶ 85. And the third requested "medication and treatment for his eyes." FAC ¶ 86. Defendant Eichhorst responded to Plaintiff's third kyte: "you will be scheduled for a follow up." *Id.*

In August 2023 and April 2024, Plaintiff submitted another two kytes to Defendant Eichhorst stating that Plaintiff continued to suffer from "daily pain and discomfort," despite following Defendant Eichhorst's treatment plan, and inquiring as to whether Waxie 710 may be the cause of Plaintiff's eye issues. FAC ¶¶ 95, 104. Defendant Eichhorst only responded to Plaintiff's August 2023 kyte: "schedule F/U Dr. Eichhorst within 3 weeks." FAC ¶ 95.

Accepting these material facts as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations allow the Court to reasonably infer that Defendant Eichhorst knew of Plaintiff's serious eye issues and disregarded them. *See Peralta*, 744 F.3d at 1082. Defendant Eichhorst knew of Plaintiff's eye pain as early as November 2022 yet seemingly did not attempt to remediate Plaintiff's pain beyond prescribing fish oil

supplements and eye drops, which Defendant Eichhorst was told was ineffective. Defendant Eichhorst further ignored, on multiple occasions, Plaintiff's inquiries as to whether Waxie 710 could be the cause of Plaintiff's eye issues. Defendant Eichhorst's alleged disregard to Plaintiff's eye pain continued through 2022 and 2023, and into 2024. And in 2024, Plaintiff was still raising the same issues he was raising in 2022. As a result, Plaintiff alleges his eye issues have worsened—possibly irreversibly. FAC ¶ 165. For these reasons, the Court finds that Plaintiff plausibly alleges Defendant Eichhorst was deliberately indifferent, and the Court declines to dismiss Plaintiff's Eight Amendment claim. *See, e.g.*, *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (finding allegations that prison officials were aware of plaintiff's "bleeding gums, breaking teeth and his inability to eat properly, yet failed to take any action to relieve his pain or to prescribe a soft food diet until new dentures could be fitted" were sufficient to state a claim for deliberate medical indifference).

## III. Qualified Immunity

Defendant Eichhorst last argues that dismissal is proper because he is entitled to qualified immunity. *See* Eichhorst MTD 9–10. Defendant Eichhorst specifically argues that he is entitled to qualified immunity "[b]ecause there is no constitutional violation."[5] *Id.* at 10. However, because the Court finds that Plaintiff plausibly alleges an Eighth Amendment violation, *see* Discussion *supra*, Section II, Defendant Eichhorst is not entitled to qualified immunity at this stage of the proceedings, *see Hampton v. California*, 83 F.4th 754, 765 (9th Cir. 2023) ("To be entitled to qualified immunity at the motion to dismiss stage, an officer must show that the

[5] Defendant Eichhorst does not dispute that Plaintiff has a clearly established right to adequate medical care. *See* Eichhorst MTD 10 ("[Plaintiff] has a clearly established right to care.").

allegations in the complaint do not make out a violation of a constitutional right or that any such right was not clearly established at the time of the alleged misconduct.”).

## CONCLUSION

The Court DENIES Defendant Nate Eichhorst’s Second Motion to Dismiss for Failure to State a Claim [45].

IT IS SO ORDERED.

DATED this 30th day of October, 2026.

AMY M. BAGGIO
United States District Judge